MAGNUM DEFENSE, INC., a corporation, Plaintiff-counter-defendant—Appellant,

v.

FRONTIER INSURANCE COMPANY, aka Doe I, Defendant—Appellee,

Marshall and Williams Company, a Rhode Island Corporation; Benjamin J. Warren, an individual, Defendants-counter-claimants—Appellees.

Magnum Defense, Inc., a corporation, Plaintiff-counter-defendant— Appellee,

v.

Frontier Insurance Company, aka Doe I, Defendant—Appellant,

and

Marshall and Williams Company, a Rhode Island Corporation; Benjamin J. Warren, an individual, Defendants-counter-claimants.

No. 00–57084, 00–57125.
D.C. No. CV–99–00591–DOC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 4, 2002.

Decided June 17, 2002.

Before O'SCANNLAIN, RYMER and THOMAS, Circuit Judges.

MEMORANDUM *

Magnum Defense, Inc. ("Magnum") appeals from the district court's grant of summary judgment in favor of Frontier Insurance Company ("Frontier"). Frontier cross-appeals the district court's denial of attorneys fees. We affirm in part, reverse in part and remand for further proceedings.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The district court correctly construed the bond as an advance payment bond, rather than as a performance bond. The terms of the bond, although not a model of clarity, do not bear the traditional hallmarks of a performance bond, and contain only passing references to the underlying contract. This is insufficient, as a matter of California law, for the bond to be construed as a performance bond. Under California law, for one document to incorporate another document by reference, "the reference to the incorporated document must be clear and unequivocal and the terms of the incorporated document must be known or easily available to the contracting parties." *Cariaga v. Local No. 1184 Laborers Int'l Union of N. Am.*, 154 F.3d 1072, 1074 (9th Cir.1998). If the reference is amorphous or fails to guide the reader to the incorporated document, there is no incorporation by reference. *Chan v. Drexel Burnham Lambert, Inc.*, 178 Cal.App.3d 632, 643, 223 Cal.Rptr. 838 (1986). Thus, the contract terms cannot serve to alter the payment bond into a performance bond.

However, we agree with Magnum that there remains a genuine issue of material fact as to the value received by Magnum by the performance date. The district court concluded that the contractor had provided value of at least $400,000 by that time.[1] Magnum argues that it did not, contending that it only received machined parts that had a fair market value of less than the bond amount. Examining the record as it existed at the time summary judgment was entered, there were sufficient issues of material fact to preclude summary judgment on the question of liq-

uidated value received by the performance date. Thus, remand is required for resolution of that factual question.

Because a remand is required, we need not reach the question as to the attorneys fees issue asserted in Frontier's cross-appeal. Each party shall bear its own costs on appeal.

AFFIRMED IN PART; REVERSED IN PART; REMANDED.

---

1. The district court assumed, *arguendo*, that Magnum was entitled to recover $400,000 under the bond. Frontier claims that any recovery was limited to $100,000. Because the district court did not decide that issue, we do not reach it either, leaving it for the district court's consideration on remand.

